IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROXANNE BLEAKNEY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PHILIPS RS NORTH AMERICA LLC,<br><br>*Defendant*. | Case No. 2:21-cv-1375 |

**NOTICE OF REMOVAL**

Defendant Philips RS North America LLC ("Philips"), through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from the Court of Common Pleas of Allegheny County, Pennsylvania, where it is now pending at Case No. GD-21-011259 (the "Underlying Action"), to the United States District Court for the Western District of Pennsylvania, and states as follows:

**I.   INTRODUCTION**

1. On August 3, 2021, Plaintiff Roxanne Bleakney and her husband, Carl Bleakney, filed a putative class action complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, bearing Case No. GD-21-009037, attached hereto as **Exhibit A**.

2. On September 3, 2021, Philips timely removed that action to the United States District Court for the Western District of Pennsylvania, where it is now before Chief Judge Hornak at Case No. 2:21-cv-01188 (the "Prior Federal Action").

3. On September 16, 2021, Plaintiff Roxanne Bleakney voluntarily dismissed her claims against Philips in the Prior Federal Action, and her husband, Carl Bleakney, filed a First

Amended Class Action Complaint in that action (the "FAC"), removing Roxanne Bleakney as a plaintiff. The FAC is attached hereto as **Exhibit B**.

4. The same day, on September 16, 2021, Plaintiff Roxanne Bleakney initiated the Underlying Action by filing *a parallel* putative class action complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, bearing Case No. GD-21-011259 (the "Complaint"), attached hereto as **Exhibit C**, which is the subject of the instant Notice of Removal.

5. Pursuant to 28 U.S.C. § 1446(a), a copy of the Docket Sheet and copies of all process, pleadings, and orders served to date upon Philips in the Underlying Action are attached hereto as **Exhibit D**.

6. By filing this Notice of Removal, Philips does not waive, and expressly reserves, its right to object to service of process, the sufficiency of process, jurisdiction over parties, or venue, and to assert any defenses and objections to which it is entitled.

## II. NOTICE OF REMOVAL IS TIMELY

7. Philips was served with Plaintiff's Complaint on September 23, 2021. A copy of the Sheriff Return Notice confirming the date of service is attached hereto as **Exhibit E**.

8. This Notice of Removal is timely because it is filed within thirty (30) days of the date Plaintiff served the Complaint on Philips. *See* 28 U.S.C. § 1446(b)(2)(B).

9. Additionally, this Notice is timely because it is filed within one year after commencement of the Underlying Action. *See* 28 U.S.C. § 1446(c)(1).

## III. FACTUAL BACKGROUND

10. According to the Complaint, in 2018, "Plaintiff purchased" a Philips DreamStation Auto Bi-Level Positive Airway Pressure ("BiPAP") device "that her husband has used nightly since," "paying for the device from a joint financial account Plaintiff shares with her husband."

*See* Ex. C, Compl. ¶¶ 9, 55.[1]  Plaintiff alleges that the device is equipped with a "polyester-based polyurethane sound abatement foam" component that "may degrade or off-gas under certain circumstances" and "could cause Plaintiff's husband to suffer from adverse health effects, including, *inter alia*, cancer and organ failure." *Id.* ¶¶ 1, 2, 9, 10.

11.   Plaintiff alleges that she "has incurred substantial expenses related to the DreamStation Auto BiPAP device," and that she "and her husband are budgeting approximately $2,500" to replace her husband's device. *Id.* ¶¶ 14-15.  Plaintiff claims that she and her husband "would not have incurred" those expenses, and "would not have purchased the DreamStation Auto BiPAP device and the equipment used with it," "had they known of these adverse health effects." *Id.* ¶ 15.  According to Plaintiff, these "health effects" have rendered her husband's device "worthless." *Id.* ¶ 62.

12.   Plaintiff attempts to plead claims for violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1, *et seq.* ("UTPCPL"), breach of warranty, fraud, negligent misrepresentation, and unjust enrichment, on behalf of herself and a purported class of all other Pennsylvania citizens who purchased certain Philips Continuous Positive Airway Pressure ("CPAP"), BiPAP, and mechanical ventilator prescription medical devices manufactured before April 26, 2021 and recalled by Philips on June 14, 2021 (collectively, the "Recalled Devices"). *Id.* ¶¶ 73, 83-153.  Plaintiff seeks actual damages, including the "purchase price" of her device, "approximately $2,500" to replace the device, and "other out-of-

---

[1]   Both the Underlying Action and the Prior Federal Action concern the same device allegedly purchased for Plaintiff's husband.  Plaintiff's allegations in the Underlying Action contradict her husband's allegations in the Prior Federal Action:  in the Underlying Action, Plaintiff alleges that *she* purchased the device at issue (*see* Ex. C, Compl. ¶¶ 9, 55), but in the Prior Federal Action, her husband, Carl Bleakney, alleges that *he* purchased the device (*see* Ex. B, FAC ¶¶ 9, 54).

3

pocket-losses," as well as statutory and treble damages, attorneys' fees, costs, and pre- and post-judgment interest. *Id.* at 12, 25.

### IV. REMOVAL STANDARD

13. Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As demonstrated below, the Underlying Action is removable to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1441(a), because this Court (i) has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a), and (ii) encompasses the district where the Underlying Action is pending.

### V. THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

14. Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy" (i) is between "citizens of different states," and (ii) "exceeds the sum or value of $75,000, exclusive of interests and costs." Here, removal is proper because complete diversity of citizenship exists between Plaintiff and Philips, and the Complaint plausibly places more than $75,000 in controversy, exclusive of interests and costs.

15. Philips denies Plaintiff's factual allegations and denies that Plaintiff, or the class she purports to represent, are entitled to the relief requested. But based on Plaintiff's allegations in the Complaint and her prayers for relief, all requirements for jurisdiction under 28 U.S.C. § 1332(a) have been met. Accordingly, complete diversity of citizenship exists, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

    **A.**    **Diversity of Citizenship Exists.**

16. Removal predicated upon diversity of citizenship requires "complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that 28 U.S.C. § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "[I]n a federal class action only the citizenship of the named class representatives must be diverse from that of the defendants." *In re Sch. Asbestos Litig.*, 921 F.2d 1310, 1317 (3d Cir. 1990) (citing *Snyder v. Harris*, 394 U.S. 332, 340 (1969)).

        *1. Plaintiff is a Citizen of Pennsylvania.*

17. An individual is a citizen of the state in which he or she is domiciled. *See Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014) ("For the purposes of diversity jurisdiction, we have explained that citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation.") (quotations and alterations omitted). Specifically, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *See McCracken v. DaimlerChrysler Motors Co. LLC*, No. CIV.A. 07-2202, 2009 WL 1213481, at *2 (E.D. Pa. May 4, 2009) ("An individual is a citizen of a state where he maintains his domicile, which is determined as of the moment the complaint is filed.").

18. Although residence alone is not the equivalent of citizenship, the place of residence is *prima facie* evidence of domicile there. *See Homsi v. Home Depot USA, Inc.*, No. 3:20-CV-01724, 2021 WL 2447241, at *2 (M.D. Pa. May 26, 2021) ("[R]esidence is prima facie evidence of citizenship.") (quoting *Broderick v. Dellasandro*, 859 F. Supp. 176, 177 (E.D. Pa. 1994)), *report and recommendation adopted*, 2021 WL 2444214 (M.D. Pa. June 15, 2021).

19. Plaintiff alleges that she "resides in Pennsylvania." *See* Ex. C, Compl. ¶ 17. This allegation constitutes *prima facie* evidence that Plaintiff is a Pennsylvania citizen. Moreover, the class Plaintiff purports to represent consists of "[a]ll Pennsylvania citizens" who purchased a Recalled Device. *Id.* ¶ 73. Thus, Plaintiff's allegations establish that she is a citizen of Pennsylvania.

### *2. Philips is a Citizen of Delaware and Massachusetts.*

20. Plaintiff acknowledges that Philips is a Delaware limited liability company with its principal place of business located at 6501 Living Place, Pittsburgh, Pennsylvania 15206. *See* Ex. C, Compl. ¶ 18; *see also* Declaration of James Durchak at 1, attached hereto as **Exhibit F**; Philips RS North America LLC Records & Business Registrations, attached hereto as **Exhibit G**.

21. But for purposes of 28 U.S.C. § 1332(a), the citizenship of a limited liability company, like Philips here, is determined *not* by its principal place of business or state of organization, but by the citizenship of its members. *See Johnson v. SmithKline Beecham Corp.*, 853 F. Supp. 2d 487, 491 (E.D. Pa. 2012), *aff'd*, 724 F.3d 337 (3d Cir. 2013) ("[A] limited liability company's citizenship is determined solely by the citizenship of its members, not by the state in which it is legally organized or has its nerve center"); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The state of organization and the principal place of business of an unincorporated association are legally irrelevant [because] the citizenship of an LLC is determined by the citizenship of its members."); *State Farm Fire & Cas. Co. v. Electrolux Home Prod., Inc.*, 397 F. Supp. 3d 749, 751 (E.D. Pa. 2019) (holding that a limited liability company's "principal place of business" is "irrelevant" for purposes of determining its citizenship under 28 U.S.C. § 1332(a)); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of each of its members.").

22. Philips is wholly owned by a single member, Philips RS North America Holding Corporation, which is a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, Massachusetts 02141. *See* Ex. F, Durchak Declaration, at 1-2; *see also* Philips RS North America Holding Corporation Records & Business Registrations, attached hereto as **Exhibit H**.

23. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. Accordingly, Philips is a citizen of Massachusetts and Delaware—the states where its sole member, Philips RS North America Holding Corporation, is incorporated and has its principal place of business.

24. Philips is therefore a citizen of states different than Plaintiff. Complete diversity is satisfied, and diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

**B.    The Amount in Controversy Exceeds $75,000.**

25. Removal under 28 U.S.C. § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "A district court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002), *abrogated on other grounds by Earl v. NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021).

26. "Where, as here, the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only plausibly allege the amount in controversy." *Yucis v. Sears Outlet Stores, LLC*, 813 F. App'x 780, 783 n.2 (3d Cir. 2020) (quotations and alteration omitted); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Harvey v. U.S. Life Ins. Co. in City of New*

7

*York*, No. CIV. A. 08-2175, 2008 WL 2805608, at *2 (E.D. Pa. July 18, 2008) (finding amount in controversy satisfied based on potential damages award where, "even if such an award may be unlikely," it was "not fanciful, pie in the sky, or simply wishful") (quotations omitted).

27. Although Philips denies Plaintiff's factual allegations and denies that Plaintiff or the class she purports to represent are entitled to the relief Plaintiff requests, as detailed below, Plaintiff's allegations and prayer for relief have put into controversy an amount that plausibly exceeds the $75,000 threshold for removal under 28 U.S.C. § 1332(a) based on her individual claim.[2]

28. Plaintiff alleges that the Recalled Devices "typically cost several hundred, if not thousands of dollars," but have been rendered "worthless" because of "the health risks associated with the use of the Recalled Devices." *See* Ex. C, Compl. ¶¶ 31, 43, 62. Plaintiff asserts claims for breach of express and implied warranties, fraudulent misrepresentation, fraud by omission, negligent misrepresentation, unjust enrichment, and violation of Pennsylvania's UTPCPL, *id.* ¶¶ 83-153, and seeks to recover seeks to recover actual damages, including, among other things, for the cost of replacing the device, attorneys' fees, costs, and statutory and treble damages. *Id.* at 12, 25.

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Philips' references to specific damage amounts and citation to cases supporting removal are provided solely to establish that the amount in controversy more likely than not exceeds the jurisdictional minimum. Philips maintains that each of Plaintiff's claims is without merit and that it is not liable to Plaintiff or any putative class member. Philips expressly denies that Plaintiff or any putative class member is entitled to recover any of the damages or other relief sought in the Complaint. In addition, Philips denies that liability or damages can be established on a class-wide basis. No statement or reference contained in this Notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

29. Although Plaintiff does not specify the exact amount of damages she seeks, a number of Plaintiff's claims (if proven) may entitle her to significant recoveries, including because they permit recovery of attorneys' fees and actual, punitive, and treble damages.

30. *First*, Plaintiff seeks "actual damages" (*e.g.*, Ex. C, Compl. ¶¶ 106, 117, 126, 133) to compensate for the "substantial expenses" she allegedly incurred "related to the DreamStation Auto BiPAP device," including (i) "the purchase price" of the device, which she claims is now "worthless," (ii) the "approximately $2,500" that Plaintiff and her husband are "budgeting" to replace the device, (iii) the cost of "the equipment used with" the device, and (iv) "other out-of-pocket losses." *Id.* ¶¶ 14, 15, 61-63, 105. Plaintiff does not allege how much she purportedly paid for her husband's device, but given her allegations that a replacement device will cost "approximately $2,500," it is plausible to infer that her husband's device similarly cost approximately $2,500.

31. *Second*, Plaintiff asserts a claim for violation of the UTPCPL (Count VI), alleging that Philips' "actions and practices" constitute "unfair methods of competition and unfair or deceptive acts or practices," and that Plaintiff "lost money or property as a result of Philips' violations and therefore [is] entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs." *See* Ex. C, Compl. ¶¶ 151, 153 (citing 73 Pa. Stat. § 201-9.2).

32. Plaintiff's UTPCPL claim "empowers the court with discretion to award a successful plaintiff up to three times the actual damages sustained" and "further authorizes recovery of attorneys' fees," both of which must "be included in the amount in controversy." *Ciccone v. Progressive Specialty Ins. Co.*, No. 3:20-CV-981, 2020 WL 7319777, at *3 (M.D. Pa. Dec. 11, 2020); *see also* 73 Pa. Stat. Ann. § 201-9.2 ("The court may, in its discretion, award up to three times the actual damages sustained[.]"); *Banks v. Allstate Fire & Cas. Ins. Co.*, 454 F.

9

Supp. 3d 428, 434 (M.D. Pa. 2020) ("Treble damages are available under the UTPCPL, and are properly considered in computing the amount in controversy for purposes of diversity jurisdiction.") (citation omitted); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 275 (E.D. Pa. 2003) (considering UTPCPL treble damages in determining amount in controversy under 28 U.S.C. § 1441(a)).

33. Given Plaintiff's allegations that she has incurred "substantial expenses" related to her device, including "several hundreds, if not thousands" of dollars "at the point of sale" and an additional $2,500 for a replacement device, it is plausibly demonstrated that the actual damages sought by Plaintiff conservatively exceeds $5,000, which thus would exceed $15,000 if trebled under the UTPCPL.

34. Courts have approved attorneys' fee awards that are 3.5 times the amount of treble damages under the UTPCPL. *See Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022, 1031 & n.8 (Pa. Super. Ct. 2005) (approving UTPCPL fee award that "was approximately 11.5 times the amount of the UTPCPL jury award (and 3.5 times the amount of the trebled award of $11,563.98)"); *see also Hoover Contracting Co., Inc. v. McNaughton*, 242 A.3d 429, 430 (Pa. Super. Ct. 2020) (finding no error in attorneys' fee award of "nearly three times the amount of the actual damages" under the UTPCPL, and noting that, "[i]n fact, the Superior Court has approved an attorney fee award that was more than eleven times the amount of the UTPCPL damages"). Applying a 3.5x multiplier to the estimated $15,000 in treble damages would yield a fee award of $52,500, for a total damages and fee award of $67,500.

35. *Third*, punitive damages also potentially are available to Plaintiff on her fraudulent misrepresentation (Count III) and fraudulent omission (Count IV) claims, because Plaintiff alleges that Phillips "intentionally" and "knowingly" made "misrepresentations and omissions to induce

Plaintiff and the Class to purchase the Recalled Devices." *See* Ex. C, Compl. ¶ 120; *see also Greto v. Radix Sys., Inc.*, No. CIV.A. 93-6910, 1994 WL 73762, at *5 (E.D. Pa. Mar. 10, 1994) ("[P]unitive damages may be awarded where the plaintiff can show that a defendant's actions were in bad faith, fraudulent, reckless, willful, wanton and/or with utter disregard for the interests of another."). Because "punitive damages are available for a fraud claim," they "should be included in the amount in controversy," because "if awarded, [they] could increase the amount recovered by the plaintiff beyond the jurisdictional requirement." *Roth v. US LEC of Pennsylvania, Inc.*, No. CIV.A.05-CV-4452, 2005 WL 2340468, at *3 (E.D. Pa. Sept. 23, 2005).

36. Courts have awarded punitive damages in the amount of four times a plaintiff's "actual damages," and have included attorneys' fees in calculating the amount of "actual damages." *In re Lansaw*, 853 F.3d 657, 671 (3d Cir. 2017) (affirming punitive damages award of $40,000, plus an additional $10,100 for emotional distress and fees, and holding that a "4-to-1 ratio between the punitive damages award and the actual damages award ($10,100, including $7,500 for emotional distress and $2,600 in attorneys' fees) is in line with awards previously deemed acceptable by the Supreme Court"); *see also Harvey*, 2008 WL 2805608, at *2 (finding amount in controversy requirement under traditional diversity satisfied based, in part, on a potential award of "$56,000 in punitive damages, that is, an amount four times the size of the compensatory claim").

37. As demonstrated in Paragraph 34 above, Plaintiff's Complaint places an amount in controversy of at least $67,500 for actual damages trebled and fees. Any application of a multiplier for punitive damages available to Plaintiff would significantly exceed $75,000. Accordingly, the amount in controversy requirement is satisfied under 28 U.S.C. § 1332(a).

## VI.     VENUE IS PROPER IN THIS COURT

38. The United States District Court for the Western District of Pennsylvania is the federal judicial district encompassing the Court of Common Pleas of Allegheny County, Pennsylvania, where Plaintiff originally filed the Underlying Action. *See* 28 U.S.C. § 118(c).

39. Additionally, on July 7, 2021, plaintiffs in a related action submitted a Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 (the "MDL Motion") before the Judicial Panel on Multidistrict Litigation ("JPML"), attached hereto as **Exhibit I**.

40. On October 8, 2021, the JPML issued a Transfer Order granting the MDL Motion and transferring related cases to the Western District of Pennsylvania for consolidated pretrial proceedings before Judge Conti. The Transfer Order is attached hereto as **Exhibit J**. It is anticipated that this case will be consolidated into the MDL in this District.

41. Accordingly, this lawsuit may be removed to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a).

## VII.     NOTICE

42. Philips will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the Underlying Action is pending, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Philips respectfully requests that this action be removed from the Court of Common Pleas of Allegheny County, Pennsylvania, and that this Court take jurisdiction over further proceedings.

Dated: October 13, 2021

Respectfully Submitted,

<u>/s/ *John P. Lavelle, Jr.*</u>
John P. Lavelle, Jr. (PA ID #54279)
john.lavelle@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000

*Counsel for Defendant Philips RS North America LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 13, 2021, I filed this Notice of Removal with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to:

Kevin W. Tucker
ktucker@eastendtrialgroup.com
Kevin J. Abramowicz
kabramowicz@eastendtrialgroup.com
Chandler Steiger
csteiger@eastendtrialgroup.com
Stephanie Moore
smoore@eastendtrialgroup.com
EAST END TRIAL GROUP LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: (412) 877-5220

*Counsel for Plaintiff*

                                                */s/ John P. Lavelle, Jr.*
                                                John P. Lavelle, Jr. (PA ID #54279)
                                                MORGAN, LEWIS & BOCKIUS LLP
                                                1701 Market Street
                                                Philadelphia, PA 19103-2921
                                                Tel: 215.963.5000